UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TRUSTMARK INSURANCE CO. <br> *Plaintiff and counter-defendant* | CIVIL ACTION NO. 05-0515 |
| VS. | MAGISTRATE JUDGE METHVIN |
| DANIEL KEHLER <br> *Defendant and counter-plaintiff* | BY CONSENT OF THE PARTIES |

### SUPPLEMENTAL MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT
*(Rec. Doc. 11)*

On September 6, 2005, the court issued a Memorandum Ruling granting Trustmark's motion for summary judgment on Kehler's claim for punitive damages, and denying it on other grounds.[1] The court specifically denied Trustmark's motion insofar as it sought a declaration that Kehler's health coverage was properly rescinded on grounds of material misrepresentation in his application. The court went further and *sua sponte* granted summary judgment in Kehler's favor on that issue, finding that Kehler had made no material misrepresentation in the application. With respect to whether Kehler's claim for health benefits was premature, the court found that there was no dispute that Kehler has not filed an administrative claim for benefits and has therefore failed to exhaust administrative remedies. Counsel has brought the court's attention to the fact that the court's ruling was unclear as to whether Kehler's counterclaim for insurance benefits was therefore dismissed.

As the court explained in its September 6, 2005 ruling, although ERISA itself is silent on the question of exhaustion of administrative remedies, the Fifth Circuit has adopted the reasoning of the Ninth Circuit in concluding that the common law and Congressional intent contemplate that a

---

[1] Rec. Doc. 11.

plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied. *See* Chailland v. Brown & Root, Inc., 45 F.3d 947, 950 (5th Cir.1995) (noting that the Third, Ninth, and Tenth Circuits do not require exhaustion – Zipf v. American Telephone & Telegraph Co., 799 F.2d 889, 891-94 (3rd Cir.1986); Amaro v. Continental Can Co., 724 F.2d 747, 750-52 (9th Cir.1984); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1204-05 (10th Cir.1990) – while the Seventh Circuit vests district courts with discretion to require exhaustion, Kross v. Western Electric Co., 701 F.2d 1238, 1243-45 (7th Cir.1983), and the Eleventh Circuit apparently requires it. Mason v. Continental Group, Inc., 763 F.2d 1219, 1225-27 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986)), citing Denton v. First National Bank, 765 F.2d 1295, 1300-03 (5th Cir.1985)).

Traditional exhaustion principles allow an exception for instances "when resort to the administrative route is futile or the remedy inadequate." *See, e.g.,* Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 826 (1st Cir.1988). However, for this exception to apply, "those in pursuit must show that the administrative route is futile or the remedy inadequate. A blanket assertion, unsupported by any facts, is insufficient to call this exception into play." Snow v. Borden, Inc., 802 F.Supp. 550, 557 (D.Me. 1992), citing Drinkwater, 846 F.2d at 826.

In the instant case, the Plan document contains a three-page notice of claim review and appeals rights under federal law, which clearly delineates the timing of claim determinations and the content of adverse benefits determinations.[2] It is undisputed that Kehler has not filed a claim for benefits with the plan administrator, and therefore, there has been no benefits determination, nor has Kehler argued that resort to a benefits review by Trustmark would be futile or inadequate.

---

[2] *See* Trustmark's motion for summary judgment, Rec. Doc. 11, Exhibit "4-B," pp. 77-79.

3

Considering the foregoing, and specifically the fact that Kehler's claim for benefits is premature, the court grants Trustmark's motion for summary judgment, dismissing Kehler's counterclaim without prejudice. *See,* e.g., Simmons v. Willcox, 911 at 1081 (claimant must exhaust administrative remedies before bringing complaint under ERISA in federal court); Snow, 802 F.Supp. at 557-58 (plaintiff's claim for medical benefits under ERISA was properly dismissed without prejudice as premature where plaintiff failed to exhaust administrative remedies); Peterson v. Continental Casualty Co., 282 F.3d 112 (2nd Cir. 2002) (court does not retain jurisdiction over lawsuit filed under ERISA while claimant pursues eligibility for benefits); Nichols v. The Prudentiual Ins. Co., 406 F.3d 98, 103-044 (2nd Cir. 2005) (where court determined that claimant had not exhausted administrative remedies under ERISA, proper course of action was dismissal without prejudice while claimant pursued benefits review at administrative level).

In light of the court's previous rulings dismissing Kehler's counterclaim for penalties and granting summary judgment in favor of Kehler on the issue of material misrepresentation, the dismissal of Kehler's claim for benefits is dispositive of the last remaining issue in the case.

Signed at Lafayette, Louisiana on September 26, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)